**In re NORPLANT CONTRACEPTIVE PRODUCTS LIABILITY LITIGATION.**

**Valerie L. BAGWELL, Plaintiff,**

v.

**WYETH–AYERST LABORATORIES, A DIVISION OF AMERICAN HOME PRODUCTS CORPORATION, Defendant.**

MDL No. 1038.
No. 1:94CV5022.

United States District Court,
E.D. Texas,
Beaumont Division.

Nov. 29, 1995.

Charles A. Watson of The Watson Law Firm, Houston, TX, for Plaintiff.

John W. Vardaman, F. Lane Heard of Williams & Connolly, Washington, DC, Lawrence L. Germer, Paul W. Gertz of Germer & Gertz, LLP, Beaumont, TX, for Defendant.

**244**

*MEMORANDUM OPINION AND OR-
DER DENYING MOTION FOR
LEAVE TO INTERVENE*

SCHELL, Chief Judge.

Before the court is Plaintiff–Intervenor's Motion for Leave to Intervene filed on October 23, 1995. Defendant Wyeth–Ayerst Laboratories filed a response in opposition on November 17, 1995. Based on a review of the motion, the response, and the applicable law, the court is of the opinion that the motion should be DENIED.

On December 19, 1994, Valerie Bagwell filed a lawsuit against Wyeth–Ayerst complaining of injuries from her use of Norplant. Since that time, approximately 1,900 additional plaintiffs have intervened in the original Bagwell action, without opposition from Defendant.[1] Notably, none of these plaintiffs have alleged that Norplant caused death.

The Plaintiff–Intervenor in this action seeks permission to intervene in the Bagwell lawsuit as well. In the proposed complaint in intervention, however, Plaintiff–Intervenor alleges that Norplant caused the death of Rainy Secoy. Because Plaintiff–Intervenor alleges damages different from those alleged by the other Bagwell plaintiffs, namely death, Defendant has opposed this intervention.

Because this case involves claims of harm that are quantitatively and qualitatively very different from those of the other Bagwell plaintiffs, the court is of the opinion that this intervention would prejudice the rights of Defendant and delay the progress of the original Bagwell action. Accordingly, the Motion for Leave to Intervene is hereby DENIED.

---

1. Wyeth–Ayerst has reserved its right to challenge venue, move to sever, and to move for separate trials at a later date.